DOMINGO M. GILORMINI NICOLAI, Plaintiff and Appellant, *v.* HEIRS OF GUMERSINDA PADILLA Y RIVERA, Defendants and Appellees.

No. 8824. Argued February 1, 1944.—Decided May 5, 1944.

*Tomás Bernardini de la Huerta* for appellant. *Ubaldo Aponte* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

This case was tried before the trial judge when he was acting as Judge of the District Court of Guayama. Before rendering judgment, said judge was appointed to hold the same office in the District Court of San Juan. He assumed the duties of the new office and brought with him the record, rendering the judgment appealed from some time later, when his successor as Judge of the District Court of Guayama had already been appointed and qualified.

The appellant assigns several errors, among others, the lack of jurisdiction to render judgment. The appelless on the contrary urge that the trial judge at the time he rendered judgment was a *de facto* judge of the District Court of Guayama.

■■ The assignment of error is well grounded. A *de facto* officer can not exist when the office is filled and discharged by a *de jure* officer. When Mr. Cordovés qualified as Judge of the District Court of San Juan, he ceased as Judge of the court of Guayama, and therefore he lacked authority to render the judgment appealed from.

■ What is usually done in cases like the present one is to submit a stipulation to the successor of the judge who sat at the trial, in order that he should render judgment according to the facts of the record. The successor may, in his discretion, approve said stipulation and render judgment accordingly. Cf. *People* v. *Díaz et al.*, 18 P.R.R. 878, and annotations in 54 A.L.R. 952, and 58 A.L.R. 848.

Since the judge lacked jurisdiction to render the judgment involved in this case, the same must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.